[No. 505.   Decided July 7, 1892.],

JOHN M. McCARTY AND CECELIA McCARTY, *Respondents*, v.
GAY HAYDEN, *Appellant.*

### APPEAL—EQUITY CASES—STATEMENT OF FACTS.

Under Code Proc., § 1423, the testimony in an equity case cannot be considered by the supreme court on appeal unless it is embodied in a statement of facts certified as required by law; and it is not sufficient that all the evidence introduced at the trial has been certified up to the supreme court by the clerk of the court below.

*Appeal from Superior Court, Clarke County.*

Motion by respondents to dismiss appeal, for the reason that no statement of facts was ever settled or certified by the judge hearing the cause.

*Thomas N. Strong,* for appellant.

*E. E. Coovert,* and *Gilbert & Snow,* for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—The decree from which this appeal was taken was entered on June 22, 1891, and notice of appeal was served on counsel for respondents on December 17, 1891.

The evidence introduced at the trial in the court below is certified up to this court, but it is neither attached to, nor embodied in, any statement of facts. Indeed, no statement of facts was ever settled or signed by the judge, or even filed in the cause, and, for that reason, the respondents move this court to dismiss the appeal. Appellant, in opposition to the motion, insists that, inasmuch as it appears that all of the evidence is in the record, the appeal ought not to be dismissed, but that the court should proceed to re-try the cause upon the record as it is. But the statute provides that in all cases the party appealing may have any

fact or facts, not already a part of the record, made so by a statement of facts, and that, in cases like this, the statement of facts must contain, not only all the testimony on which the cause was tried below, but also all the objections or exceptions taken to the reception or rejection of the same.  Code Proc., § 1423.  It is evident from the foregoing provision of the code that it is necessary to have something more than the mere evidence before us before we can proceed to try a cause *de novo* in this court.

The testimony cannot properly be considered by this court, except it be embodied in a statement of facts certified as required by law, and there being no such statement in the record, the appeal must be dismissed.

DUNBAR, HOYT, STILES and SCOTT, JJ., concur.